UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., and HEALTH OPTIONS,
INC.,

        Plaintiffs,

v.

DAVITA, INC. f/k/a DAVITA HEALTHCARE
PARTNERS INC.,

        Defendant.

CASE NO.: 3:19-cv-574-J-39MCR

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Middle District of Florida Local Rule 1.11(c), Plaintiffs Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc. (collectively, "Florida Blue") respectfully request that this Court permit the following documents to be filed under seal: (1) an unredacted version of the expert report of Kevin Cornish dated September 20, 2021, filed as Exhibit 47 to Plaintiffs' Motion for Partial Summary Judgment; (2) an unredacted version of the supplemental expert report of Kevin Cornish dated December 14, 2021, filed as Exhibit 48 to Plaintiffs' Motion for Partial Summary Judgment; (3) an unredacted version of the expert report of Dr. Teri Browne dated September 20, 2021, filed as Exhibit D to Plaintiffs' Motion to Exclude the Expert Opinions and Testimony of Gregory S. Russo; (4) an unredacted version of the expert report of Roger Colinvaux dated September 20, 2021; (5)

1

Exhibit 1 cited in support of Plaintiffs' Motion for Partial Summary Judgment; (6) an unredacted version of Exhibit 2 cited in support of Plaintiffs' Motion for Partial Summary Judgment; (7) Exhibit 3 cited in support of Plaintiffs' Motion for Partial Summary Judgment; and (8) an unredacted version Exhibit 49 cited in support of Plaintiffs' Motion for Partial Summary Judgment.

## ARGUMENT

### I.  Legal Standard

A party seeking to seal materials must file a motion to seal that includes the following: (1) a description of the item proposed for sealing; (2) the reason filing the item is necessary, the reason sealing the item is necessary, and the reason partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (3) the proposed duration of the seal; (4) the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; and (5) a legal memorandum supporting the seal. M.D. Fla. L.R. 1.11(c). As demonstrated below, Plaintiffs have met each of these requirements, and the Court should grant Plaintiffs' request to seal under Local Rule 1.11(c).

### II.  Eight items to be filed under seal

#### A.  Description of the items proposed for sealing (L.R. 1.11(c)(3))

Plaintiffs seek to seal: (1) an unredacted version of the expert report of Kevin Cornish dated September 20, 2021; (2) an unredacted version of the supplemental expert report of Kevin Cornish dated December 14, 2021; (3) an unredacted version of the expert report of Dr. Teri Browne dated September 20, 2021; (4) an unredacted

version of the expert report of Roger Colinvaux dated September 20, 2021; (5) and four exhibits cited in support of Plaintiffs' Motion for Partial Summary Judgment. The unredacted versions of these documents must be filed for the Court to know the particular content Florida Blue refers to in its motions to exclude three DaVita experts: James Galasso, Gregory Russo, and Dr. Monica Noether, as well as the particular content Florida Blue refers to in its Motion for Partial Summary Judgment. The unredacted versions are important for the Court to order any relief it deems appropriate.

The unredacted versions of Kevin Cornish's expert report dated September 20, 2021 and Kevin Cornish's supplemental expert report dated December 14, 2021, must be filed under seal because the redacted portions refer to, quote from, and discuss information derived from documents marked "Confidential" or "Attorneys Eyes Only" by the parties and non-party AKF. These documents contain patient health information, including plan enrollment, premium payment amounts, and other HIPAA-protected material. Mr. Cornish's Reports are cited as Exhibits 47 and 49 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242) and are referenced in Florida Blue's Motion to Exclude the Opinions of James P. Galasso (ECF No. 243) and Florida Blue's Motion to Exclude the Expert Report of Monica G. Noether (ECF No. 244).  Florida Blue will file redacted versions of his reports publicly when, and if, the Court grants this Motion.

The unredacted version of Dr. Teri Browne's expert report dated September 20, 2021 must be filed under seal because the redacted portions refer to, quote from,

and discuss thousands of lines of patient notes produced by DaVita reflecting DaVita's interactions with patients regarding insurance and AKF-related issues. Dr. Browne also identifies steering efforts, explains why that is problematic, and discredits various rationales for-profit dialysis providers use to argue that commercial insurance is the best option for patients. The notes that form the basis of Dr. Browne's testimony contain patient health information and constitute HIPAA-protected material. The documents that form the basis of Dr. Browne's testimony have also been marked "Confidential" or "Attorneys' Eyes Only." Ms. Browne's report is cited as Exhibit D to Florida Blue's Motion to Exclude the Expert Opinions and Testimony of Gregory S. Russo (ECF No. 241) and referenced in Florida Blue's Motion to Exclude the Expert Report of Monica G. Noether (ECF No. 244). Florida Blue will file a redacted version of her report publicly when, and if, the Court grants this Motion.

      The unredacted version of Roger Colinvaux's expert report dated September 20, 2021 must be filed under seal because the redacted portions refer to, quote from, and discuss documents and deposition testimony marked "Confidential" or "Attorneys' Eyes Only" by the parties. In particular, Mr. Colinvaux's report discusses (1) DaVita's donations to the AKF and the characterization of such donations. and (2) the operation of AKF's Health Insurance Premium Program on the qualifications to be eligible to be a 501(c)(3) organization. Mr. Colinvaux's report is referenced in Florida Blue's Motion for Partial Summary Judgment (ECF No. 242). Florida Blue will file a redacted version of his report publicly when, and if, the

Court grants this Motion.

Exhibit 1 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242), the Ancillary Provider Agreement between Florida Blue and DaVita, must be filed under seal because this Agreement contains confidential rate information and would be damaging to Florida Blue's business if this information was released to the public.

Exhibit 2 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242), the deposition transcript of Florida Blue witness, Shawn Trotter-Mitchell, must be partially filed under seal because unredacted portions of Ms. Trotter-Mitchell's deposition transcript have been designated confidential, as it discusses confidential information regarding Florida Blue's internal business plans relating to third-party premium payments, Florida Blue's business relationship with DaVita competitors, and other internal Florida policies and procedures that would be harmful to Florida Blue if released to the public.

Exhibit 3 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242), an exemplar Florida Blue insurance plan, Florida Blue's BlueOptions, Platinum 1424 Plan, must be filed under seal because it contains confidential information regarding Florida Blue's insurance plan offerings to its members and it would be damaging to Florida Blue's business if this information was released to the public

Exhibit 49 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242), the deposition transcript of Florida Blue expert, Kevin Cornish, must be

partially filed under seal because unredacted portions discuss Florida Blue's damages analysis, which is derived exclusively from documents marked "Confidential" or "Attorneys' Eyes Only" and documents containing patient health information including plan enrollment, premium payment amounts, and other HIPAA-protected material.

      **B.**    **Reason filing the items is necessary, sealing the items is necessary, and partial sealing is unavailable (L.R. 1.11(c)(3))**

The expert report and supplemental expert report of Mr. Cornish are necessary to address and support the arguments raised in Florida Blue's Motion for Partial Summary Judgment (ECF No. 242), Florida Blue's Motion to Exclude the Expert Report of Monica Noether (ECF No. 244), Florida Blue's Motion to Exclude the Expert Opinions and Testimony of Gregory Russo (ECF No. 241), and Florida Blue's Motion to Exclude the Opinions of James Galasso (ECF No. 243). Dr. Browne's expert report is necessary to address and support the arguments raised in Florida Blue's Motion to Exclude the Expert Opinions and Testimony of Gregory Russo (ECF No. 241) and Florida Blue's Motion to Exclude the Expert Report of Monica Noether (ECF No. 244). Mr. Colinvaux's expert report is necessary to address and support the arguments raised in Florida Blue's Motion for Partial Summary Judgment (ECF No. 242). Exhibits 1, 2, 3, and 49 are necessary to address and support the arguments raised in Florida Blue's Motion for Partial Summary Judgment (ECF No. 242). Partially sealing the expert reports, and the deposition transcripts of Ms. Trotter-Mitchell (Exhibit 3), Mr. Cornish (Exhibit 49), and sealing

the entirety of Exhibits 1 and 2 is necessary because they contain confidential, proprietary, and non-public patient health information. For this reason alone, filing under seal is necessary. Moreover, these documents quote from or discuss information from exhibits previously filed under seal in this case. In addition, Exhibits 1, 2, 3, and 49, or portions thereof, have been marked "Confidential" and the documents used as the basis for Florida Blue's expert reports have also been marked "Confidential" and "Attorneys' Eyes Only" under the parties' Stipulated HIPAA Qualified Protective Order (ECF Nos. 55, 55-1, 58). Both parties have agreed that pursuant to their Protective Order, which the Court approved (ECF No. 58), Protected Material, including documents designated as "Confidential" and "Attorneys' Eyes Only" must be filed under seal "in connection with a motion or court proceeding." ECF No. 55-1 § 13.1.

Absent sealing these documents, in whole or in part, this confidential and proprietary information would be publicly disclosed to the detriment of Plaintiffs. Other providers could attempt to use it to harm Florida Blue in the same manner as is the subject of this lawsuit. The only way to prevent this harm is to permit the entire document to be filed under seal.

### C.   Proposed duration of the seal (L.R. 1.11(c)(4))

Plaintiffs request that the Court seal the documents listed above for the duration of this lawsuit and any subsequent appeal. *See* M.D. Fla. L.R. 1.11(f) ("No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted.").

7

D. **The name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item (L.R. 1.11(c)(5))**

All counsel of record in this case may retrieve the sealed copies of the sealed material.

E. **A legal memorandum supporting the seal (L.R. 1.11(c)(6))**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public's interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). Courts consider many factors when balancing the public's interest in access against a party's interest in privacy, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Here, the interests of Plaintiffs outweigh the interests of the public in accessing the confidential, proprietary, protected, and competitively sensitive material that Plaintiffs seek to seal through this motion. Courts in this District routinely seal documents containing sensitive business or financial information. *See, e.g., Fid. Nat'l*

8

*Fin., Inc. v. Attachmate Corp.*, No. 3:15-CV-1400-J-20PDB, 2016 U.S. Dist. LEXIS 154036, at *4 (M.D. Fla. Nov. 7, 2016) (granting motion to seal company's compliance portal); *Suntree Techs, Inc. v. Ecosense Int'l, Inc.*, No. 6:09-cv-1945-Orl-28GJK, 2012 U.S. Dist LEXIS 195324, at *6-7 (M.D. Fla. Nov. 16, 2012) (granting motion to seal plaintiff's balance sheets and profit and loss statements); *United States ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2008 U.S. Dist. LEXIS 104725, at *12-14 (M.D. Fla. Dec. 19, 2008) (granting motion to seal customer lists and company manual).

The documents Florida Blue moves to seal fall squarely within the class of documents for which courts find that private interests outweigh public ones. As discussed above, the information contained in the sealed material is confidential, proprietary, HIPAA-protected, and non-public. There is no public interest outweighing the private interests discussed above. Thus, the balance weighs overwhelmingly in favor of the private interest in maintaining confidentiality of the exhibits.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order providing the following relief:

- allowing the unredacted versions of the expert report and supplemental expert report of Mr. Kevin Cornish (ECF Nos. 242-48; 242-49) to be filed under seal and redacted versions to be filed publicly;

- allowing the unredacted version of the expert report of Dr. Teri Browne (ECF No. 241-5) to be filed under seal and a redacted version to be filed publicly;

- allowing the unredacted version of the expert report of Mr. Roger Colinvaux to be filed under seal and a redacted version to be publicly;

- allowing Exhibits 1 and 3 to Florida Blue's Motion for Partial Summary Judgment (ECF Nos. 242-2; 242-4) to be filed under seal

- allowing an unredacted version of Exhibit 2 to Florida Blue's Motion for Partial Summary Judgment (ECF No. 242-3) to be filed under seal and a redacted version to be filed publicly; and

- allowing an unredacted version of Exhibit 49 (ECF No. 242-50) to Florida Blue's Motion for Partial Summary Judgment to be filed under seal and a redacted version to be filed publicly.

## LOCAL RULE 3.01(g) CERTIFICATION

Florida Blue certifies that it has conferred in good faith with DaVita, and DaVita does not oppose the relief sought herein.

DATED: January 14, 2022

Respectfully submitted,

By: /s/ *Jeffrey S. Gleason*
Jeffrey S. Gleason (MN. Bar #396190)
Anne M. Lockner (MN. Bar #295516)
Jamie R. Kurtz (MN. Bar #391792)
ROBINS KAPLAN LLP
800 LaSalle Plaza,

10

2800 LaSalle Avenue
Minneapolis, MN 55402-2015
T: (612) 349-8500
*jgleason@robinskaplan.com*
*alockner@robinskaplan.com*
*jkurtz@robinskaplan.com*

Michael A. Abel, Esq.
Florida Bar No. 0075078
Jared J. Burns, Esq.
Florida Bar No. 1003415
ABEL BEAN LAW, P.A.
100 North Laura Street, Suite 501
Jacksonville, Florida 32202
Telephone: (904) 944-4100
*mabel@abelbeanlaw.com*
*jburns@abelbeanlaw.com*

*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 14, 2022 with the Court's electronic filing system which will send notice of filing to all counsel of record.

By: /s/ Jared J. Burns