# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC. and HEALTH
OPTIONS, INC.,

    Plaintiffs,

v.

    Case No. 3:19-cv-00574-BJD-MCR

DAVITA, INC. f/k/a DAVITA
HEALTHCARE PARTNERS INC.,

    Defendant.

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER PARTIAL SEAL DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant DaVita Inc. ("DaVita") pursuant to Middle District of Florida Local Rule 1.11(c) respectfully requests that this Court file under seal the redacted portions of DaVita's Reply in Support of its Motion for Summary Judgment. DaVita's Reply in Support of its Motion for Summary Judgment contains and reflects information that is confidential, proprietary, competitively sensitive in nature, deemed confidential under the Stipulated HIPAA Protective Order (ECF No. 55-1 and 58) and should therefore be redacted or sealed to protect and maintain the privacy and proprietary interests of DaVita and its patients.

I.  **LEGAL ARGUMENT**

A party seeking to seal materials must file a motion to seal that includes: (1) "in the title 'Motion for Leave to File Under Seal'[1]; (2) must describe the item proposed for sealing; (3) must state the reason for why: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person(s) authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing." Local Rule 1.11(c).

A.  **Item to Be Filed Under Seal**

Defendant's Reply in Support of its Motion for Summary Judgment (the "Reply") meets the requirements for filing under seal with appropriate redactions. The document is described pursuant to Rule 1.11(c)(2) as follows: DaVita's Reply references or quotes from exhibits attached to previous motions that are confidential or contain proprietary information regarding DaVita's business operations, including references to confidential communications.  Because of these references to confidential exhibits, corresponding portions of the Reply should be redacted and filed under seal to protect DaVita's interests and the interests of its patients.  Motions

---

[1] DaVita has titled this motion in compliance with Local Rule 1.11(c)(1).

2

to Seal have previously been filed with regard to all the referenced and quoted documents this motion seeks to redact and file under seal.

### B. Reason Filing the Item is Necessary, Sealing the Item is Necessary, and Partial Sealing is Unavailable for Certain Exhibits (L.R. 1.11(c)(3))

Filing under seal the redaction portions of this Reply is necessary because these portions contain highly sensitive, confidential, proprietary, and competitive information. The Reply also references confidential information and documents from third-party AKF. Anything less than redacting the Reply could result in the disclosure of that information. *See* Local Rule 1.11(c)(3)(C). Filing under seal the redaction portions of the Reply is the only way to prevent the harm that would result from the disclosure of this information.

Moreover, DaVita has designated documents referenced within the Reply as "Confidential" under the parties' Protective Order. Both parties have agreed that pursuant to that Protective Order, which the Court approved (ECF No. 58), documents designated as "Confidential" must be filed under seal "in connection with a motion or court proceeding." (ECF No. 55-1 § 13.1.) Absent redacting the Reply, which references these types of documents, confidential and proprietary information would be publicly disclosed to the detriment of DaVita and the privacy interests of its patients and Florida Blue's insureds. The only way to prevent this harm is to permit the redacted portions of the brief to be filed under seal.

### C. Proposed Duration of the Seal

DaVita requests that this Court seal the redacted portions of Reply in Support of its Motion for Summary Judgment for the duration of this lawsuit and any subsequent appeal. Local Rule 1.11(c)(4). Additionally, the concerns regarding disclosure of the contents of these documents will persist beyond 90 days after the conclusion of this litigation. DaVita requests that the document be either returned or destroyed at the conclusion of the litigation.

### D. Contact Information for Person(s) Authorized to Retrieve a Sealed, Tangible item

All counsel of record in this case may be authorized pursuant to Local Rule 1.11(c)(5) to retrieve the Reply.

### E. Authorities in Support of Motion to Redact Pursuant to Local Rule 1.11(c)(6)

Under Federal Rule of Procedure Rule 26's "good cause" standard, Courts "balance[] the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001). Good cause is determined "by the nature and character of the information in question." *Id.* at 1315. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there

will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

DaVita's private and proprietary interests outweigh the public's interest in accessing such material. This Court has previously determined that similar types of sensitive business documents referenced within the Reply should be sealed. *See, e.g. Fennell v. Navient Solutions, LLC*, No: 6:17-cv-2083-Orl-37DCI, 2018 WL 7411857, at *4 (M.D. Fla. Dec. 10, 2018) (finding that a party has a legitimate interest in keeping confidential an employee's deposition testimony that addresses the general operation of the business); *Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, No. 3:17-cv-801-J-39MCR, 2018 WL 3599002, at *2 (M.D. Fla. July 26, 2018) (granting a motion to seal of "emails, agreements, confidential contract terms, and information about customers and other confidential business information."). *See also*, *Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12–cv–1180–J–32JBT, 2014 WL 12617731, at *2 (M.D. Fla. May 1, 2014) (finding that there is good cause to prevent the public disclosure of excerpts of tax returns because "because they contain personal, private, and confidential information of a sensitive nature.").

The Reply contains or refers to exhibits that contain sensitive information on DaVita's operations, commercial strategy, sensitive financial information, all of

which should be kept confidential, as well as that of third-party AKF. *See, e.g. Fennell*, 2018 WL 7411857, at *4; *Advice Interactive Grp.*, 2018 WL 3599002, at *2. Thus, good cause exists for the limited redactions to be filed under seal.

## II. CONCLUSION

For the foregoing reasons, DaVita respectfully requests this Court grant this Unopposed Motion for Leave to File Under Partial Seal Defendant's Reply in Support of its Motion for Summary Judgment. In accordance with Local Rule 1.11(c)(7) these documents are not appended to this motion.

### LOCAL RULE 3.01(g) CERTIFICATION

DaVita certifies that it has conferred in good faith with Florida Blue who does not oppose the relief sought herein.

DATED: March 4, 2022

*/s/ David W. Marston Jr.*
David W. Marston Jr.
Florida Bar No. 0111636
david.marston@morganlewis.com
Valerie M. Toth
Florida Bar No. 0123705
Valerie.toth@morganlewis.com
Morgan Lewis & Bockius LLP
200 South Biscayne Blvd., Suite 5300
Miami, Florida 33131-2339
Telephone: 305.415.3000
Facsimile: 305.415.3001

John C. Dodds (admitted *pro hac vice*)
john.dodds@morganlewis.com
Brian W. Shaffer (admitted *pro hac vice*)
brian.shaffer@morganlewis.com
Adina D. Bingham (admitted *pro hac vice*)
adina.bingham@morganlewis.com

6

Su Jin Kim (admitted *pro hac vice*)
su.kim@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Telephone:   215.963.5000
Facsimile:   215.963.5001

Thomas E. Bishop
Florida Bar No. 956236
Bishop & Mills PLLC
One Independent Drive, Suite 1700
Jacksonville, FL 32202
(904) 598-0034 / (904) 598-0395 (fax)
tbishop@bishopmills.com
service@bishopmills.com

*Counsel for Defendant DaVita, Inc. f/k/a DaVita Healthcare Partners Inc.*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on March 4, 2022 via the Court's ECF system.

*/s/ David W. Marston Jr.*
David W. Marston Jr.